Littleton *v.* Richardson.

## LITTLETON *v.* RICHARDSON.

Where a party is responsible over to another, and is duly notified of the suit, he will be bound by a judgment fairly obtained against the other.

A party placing obstructions in a highway is thus answerable to the town, and will be bound by a judgment recovered by a traveler against the town for such cause, if he has due notice of the suit.

In an action against the party so liable, unless it appears on the face of the record that the recovery must have been for the same cause, that fact must be proved to make the judgment evidence of any thing but the fact of its recovery.

Where the declaration against the town alleged the damage to have resulted from the obstruction now complained of, and from want of proper repair and

Littleton *v.* Richardson.

of a suitable railing, it must be shown that the recovery was on account of
the obstruction.

Evidence tending to show that the recovery was had, not on account of the
obstructions, but on account of the defects of the road and its railing, was
improperly rejected.

CASE against the defendant, for placing an obstruction in a
highway, by reason of which the town was compelled to pay
damages to one Shute, who sustained damage in consequence of
the obstruction, and recovered a judgment therefor against the
town, which they have been compelled to pay.

It was admitted at the trial that this defendant placed in the
highway the stones referred to in Shute's declaration against Lit-
tleton.

The writ in Shute's action was returnable and returned at
October term, 1851; and it was proved that on the 2d of
March, 1852, a notice of the suit was served by Littleton upon
this defendant.

At October term, 1852, a trial was had in said action, and a
verdict and judgment obtained against Littleton, which have
been satisfied.

The plaintiff here offered the judgment in the action, Shute *v.*
Littleton, as evidence of all the farther facts necessary to be
proved in support of this action.

The defendant objected that this notice was insufficient, and
that the record of Shute's judgment was not admissible under
it; that the record was in no event evidence as against him of
the facts in controversy in this suit, and that he was not bound
nor affected by it, because it was not proved that the damage to
Shute was caused by those stones; that if the judgment was
evidence as to him, it could only be so of the facts essential to
the finding of the verdict, and that the verdict thereon might
have been rendered without proof that the stones before named
were in any part the cause of the accident.

The defendant proposed to prove by evidence other than the
record, that the stones were such as Richardson might rightfully
place where he did place them; that the accident was wholly

produced by causes independent of the stones, that the stones contributed in no part to the accident, and that the judgment was not in fact recovered on account of the stones in any part.

But the court ruled that the record in the action, Shute *v.* Littleton, was conclusive evidence of all the farther facts necessary to sustain this action, and that the notice was sufficient, so that this defendant is bound by the former judgment, and directed a verdict for the plaintiffs for the amount paid in satisfaction thereof, with interest from the date of the writ.

The defendant excepted to the rulings of the court upon all the questions, and moved that the verdict be set aside, and for a new trial. He also moved in arrest of judgment, because the action should have been debt and not case, because the action is not stated to be founded on a statute, and because it is not alleged in the plaintiffs' declaration that there was a public highway in the place in question, which the town was bound to keep in repair at the time of the alleged damage to Shute, nor at any time after September, 1849.

The declarations in the present action, and in Shute *v.* Littleton, and the notice to the defendant, are sufficiently stated in the opinion of the court.

*Carpenter & Hibbard,* for the defendant.

I. A judgment is evidence only against the parties and privies thereto. This is a principle too well settled to need the citation of authorities in support of it. We say, then: 1. The judgment in Shute *v.* Littleton is not evidence against this defendant, because he was neither party nor privy. *Bank of Owego* v. *Babcock,* 5 Hill. 152. 2. If the defendant was privy, no sufficient notice of the pendency of that suit was given. The notice was of an another and altogether different suit. *Paul* v. *Witmore,* 3 W. & S. 410 ; *Thurston* v. *Moulton,* Grafton, July, 1849.

There is no case where a party is concluded by a judgment, who is not at law either a party or privy, or bound by some contract to answer over.

---
Littleton *v*. Richardson.
---

It is said the present action is not on the statute, but at common law, and the statute does not affect the nature or character of the liability. On this ground we say the defendant's liability is not different from any other liability for a tort. The recovery is not over, but direct.

It is contended that wherever a remedy over is given by law or contract, he will be liable on notice. We contend this principle is confined to cases of contract, as in cases of warranty, bonds of indemnity, and the like, though some are cases of implied contract, as of an employer to indemnify his servant. There is no case of a recovery over where the action grows out of a tort. Privity is a creature of contract and never of tort. The defendant is answerable only for his own wrong, though the judgment may be evidence of the amount of damage. *Bank* v. *Babcock*, 5 Hill. 152.

II. The action is founded upon a wrong which the plaintiffs allege the defendant has committed upon them by obstructing their highway, in consequence of which they have suffered damage, and for which the defendant is liable under the 5th section of chapter 63 of the Compiled Statutes. In order to maintain their action the plaintiffs must bring the case within the provisions of that statute, and to do this they must establish four distinct facts. 1. That the defendant placed timber, lumber, stones, or something, in the highway. 2. To the incumbrance or obstruction thereof. 3. That damage has been sustained by some person by reason of such incumbrance or obstruction. 4. That they have been compelled to pay to such person the damage so sustained. These facts are substantially all the necessary facts to be proved in order to entitle the plaintiff to recover.

The first is admitted, and the question is, whether the judgment in the former suit is competent evidence of the others.

We say it is not, because —

1. It is only on the assumption that those facts are established, and that the defendant was duly notified of the pendency of the former suit, that the judgment is evidence against the

defendant- of any thing but the mere fact of its rendition. It cannot be received as evidence of the very facts upon which its admissibility depends.

2. The judgment is not evidence of those facts as against the actual parties, because they were not the matter in issue in that suit. *Towns* v. *Nims*, 5 N. H. 263 ; *Dame* v. *Wingate*, 12 N. H. 294 ; *King* v. *Chase*, 15 N. H. 9 ; *Potter* v. *Baker*, 19 N. H. 167 ; *Ryer* v. *Atwater*, 4 Day 431.

3. The question whether the stones were· an obstruction, and the accident was occasioned by them, was so far from being the matter in issue that in fact all relating to the stones in Shute's declaration might be stricken out, and a good cause of action would still remain. *Bromfield* v. *Jones*, 4 B. & C. 380 ; *Panton* v. *Holland*, 17 Johns. 92 ; *Twiss* v. *Baldwin*, 9 Conn. 291 ; Gould's Pl. 160, 165 ; 2 Phil. Ev. 504, 505.

4. The judgment is clearly not evidence of the existence of the highway alleged. *Parker* v. *Standish*, 2 Pick. 20.

III. Judgment must be arrested, because —

1. It is not alleged that the accident happened upon any highway which the plaintiffs were bound to keep in repair. *Brown* v. *Mattell*, 57 E. C. L. (5 M. G. & S.) 620.

2. The form of action is misconceived. 1 Chit. Pl. 108, 112 ; *Morrison* v. *Bedell*, 2 Foster 234 ; *Bigelow* v. *Turnpike*, 7 Mass. 202 ; *Jeffry* v. *Turnpike*, 10 Mass. 368 ; *Blackburn* v. *Porter*, 7 Porter 284 ; 4 U. S. D., Tit., Debt, 27 ; 2 Chit. Pl. 492, *et seq.*, 818, &c. ; Com. Dig., Debt, A, 1.

3. The declaration does not appear to be founded on the statute. No reference is made to it. 1 Chit. Pl. 372, 3 ; *Bayard* v. *Smith*, 17 Wend. 88 ; 1 M. & S. 500 ; 2 Chit. Pl. 500 ; Com. Dig., Action on Statute, C., G. & H. ; *Bennett* v. *Talbot*, 1 Salk. 212.

*H. & G. A. Bingham*, for the plaintiff.

The law is settled that it makes no difference whether or not other causes contributed to the accident, if it would not have occurred but for the stones placed in the road by the defendant.

I. Three causes are assigned in arrest of judgment.

Littleton *v*. Richardson.

1. That the action is misconceived. It should be. debt and not case. But we say that case is the appropriate remedy for consequential damages, such as are claimed in this case. 1 Chit. Pl. 138, 139; 1 Bouv. Inst. 47.

2. The statute in this case is but declaratory of the common law. *Troy* v. *Cheshire R. R.*, 3 Foster 83; *Fairfax* v. *Shelburn*, 21 Vt. 102; *Duxbury* v. *Vt. Central R. R.*, 26 Vt. 751; *Lowell* v. *Lowell R. R.*, 23 Pick. 24. The basis of the claim in this case is the damages and costs recovered by Shute, though we say the whole expenses of the suit against the town should be recovered. 26 Vt. 751; 23 Pick. 24.

3. As to the objection that it is not alleged to have been a public highway at the time of the accident. It is alleged that it was such highway when the stones were placed there, and that Shute was passing *on said highway*. There can be no mo tion in arrest when it appears that the fact omitted, or imperfectly stated, must have been proved, or no verdict could have been returned. Here there could have been no verdict, unless it was shown there was a highway at the time of the accident. The allegation of time is not generally material. Here it was alleged the town was bound to keep the road in repair, and it is a presumption of law that a highway is continued. It is alleged, too, that the town was sued and compelled to pay by process of law. Argumentative pleading is cured by verdict. *People* v. *Warner*, 4 Barb. 314.

II. The notice to the defendant of Shute's action was sufficient. He was entitled only to a notice sufficient to put him on inquiry. A verbal notice was sufficient. A reasonable notice and not a technical one is all that was required. It is said the notice does not fully state the nature of the action. It was enough if it was stated to be a suit founded on what he had done.

III. The facts offered to be shown, such as that the stone was one which might be properly there, and others, we say went to impeach the verdict; to show the record to be false. The verdict finds the allegations of Shute to be sustained.

In some cases it may be shown by parol what was in issue. Of this the only instances are those when from the record it is uncertain what was in issue. No evidence can be received to contradict the record. When it appears that anything was or was not in issue, no parol evidence is admissible to show the contrary. Where an account was general, the party was admitted to show that certain things were not included in the trial. *Whittemore* v. *Whittemore*, 2 N. H. 30.

2. It is said the record is no evidence of the facts in controversy here. If it were, it can be evidence only of facts essential to the verdict, and the judgment in Shute's case might be recovered without any proof as to these stones, or that they in any degree contributed to cause the accident. As to this we say the declaration is entire, and the plaintiff must be nonsuited if he offers no evidence as to the stones and the frightening of the horse. *Robbins* v. *Otis*, 1 Pick. 368 ; *Stone* v. *Swift*, 4 Pick. 393 ; *Harris* v. *Rayner*, 8 Pick. 541 ; 3 Stark. Ev. 1584 ; 1 Chit. Pl. 385, 392 ; *Wilbur* v. *Brown*, 3 Denio 356 ; *Benden* v. *Manning*, 2 N. H. 289 ; *Peterborough* v. *Lancaster*, 14 N. H. 382 ; *State* v. *Clark*, 3 Foster 429 ; *Wilkinson* v. *Albany*, 8 Foster 9 ; *N. H. Ins. Co.* v. *Hunt*, 10 Foster 219.

As to the main question, Is the judgment in favor of Shute plenary evidence in this case ? It is the doctrine of common sense and of the authorities. It is reasonable that the matter being once tried there should be the end of it.

Where a party has a right of recovery over, either by law or by contract, and he has given notice, a judgment recovered without fraud is conclusive evidence for him. 3 Cow. & Hill's Notes to Phil. Ev. 817 ; Peake Ev., notes 34, 35, 36 ; *Ham* v. *Cutts*, 4 Mass. 350 ; *Burrill* v. *West*, 2 N. H. 190; *Thrasher* v. *Haines*, 2 N. H. 444.

It is admitted the judgment may be evidence, but it is asserted we must first prove the facts necessary to make it evidence. We say the facts settled were that the stones were an obstruction, and the damage was occasioned by them.

It is said there is no case of liability over except where the

liability results from contract. We contend it makes no differ-
ence, if a party is bound and has notice, how his liability arises.
If he is by law liable, it is enough. It is on this principle that
a judgment against a sheriff for the default of his deputy is ple-
nary evidence against the deputy.

*H. Hibbard*, in reply.

I. The evidence offered to prove that the recovery was not
had on account of the stones, was improperly rejected, if the
principle laid down in 2 N. H. 26, and 15 N. H. 9, is sound,
that where the pleadings are general, parol evidence may be
introduced to show what were the matters in controversy, &c.,
settled by the decision. If this declaration was divisible, and a
recovery could be had upon proving a part of the facts sufficient
to sustain the action, as is usual in actions of tort, it was com-
petent for us to show that the stones had nothing to do with the
recovery, in which case Richardson would not be liable.

II. There is a conflict of decisions as to the cases in which a
judgment is admissible, and in which it is conclusive. The cases
of *Porter* v. *Baker*, 19 N. H. 166 ; *The Dutchess of Kingston's
Case*, 11 St. Trials 261 ; *Town* v. *Nims*, 5 N. H. 259 ; *Spooner*
v. *Davis*, 7 Pick. 147, and *Eastman* v. *Cooper*, 15 Pick. 276,
hold the judgment is not conclusive except as to matters travers-
able and traversed ; while in *King* v. *Chase* and *Whittemore* v.
*Whittemore* it is held that if the record does not show, parol
evidence may be introduced to show what was in issue. It
seems safest to hold nothing is conclusive but what appears by
the record to have been in issue. In that view we are not
concluded. The judgment does not prove these stones were the
cause of the accident.

III. There is a distinction between tort and contract: Parts
of the allegations in a declaration for a tort may be proved,
and, if a good cause of action is shown, there must be a recovery,
though other allegations are not proved. Matters of descrip-
tion in tort need not be proved. 1 Chit. Pl. 413, 426, 430.
The special defect alleged in a highway need not be proved ; a

Littleton *v.* Richardson.

recovery may be had on the general allegations. Here it was only necessary for Shute to show the road defective, and that he had suffered an injury. When it was held, in *Patterson* v. *Colebrook*, 9 Foster 94, that the surveyor of highways could rebut the effect of a judgment against the town by showing there was no neglect on his part, the court conceded all we now claim.

BELL, J. The record of a verdict and judgment is always admissible to prove the fact that such judgment was rendered, or such verdict returned, in any case where the fact of such verdict or judgment, or the nature or amount of such judgment, becomes material. *King* v. *Chase*, 15 N. H. 1; *Chamberlin* v. *Carlisle*, 6 Foster 553; *Warren* v. *Cochran*, 7 Foster 339. For any other purpose it is not evidence against a stranger. *Burrill* v. *West*, 2 N. H. 192; *Thrasher* v. *Haines*, 2 N. H. 443; *Lawrence* v. *Haines*, 5 N. H. 33; 6 Foster 553; 7 Foster 339. But when a person is responsible over to another, either by operation of law or by express contract — 2 Cowen & Hill's Notes 5 — and he is duly notified of the pendency of the suit and requested to take upon him the defence of it, he is no longer regarded as a stranger, because he has the right to appear and defend the action, and has the same means and advantages of controverting the claim as if he was the real and nominal party upon the record. In every such case, if due notice is given to such person, the judgment, if obtained without fraud or collusion — *Coates* v. *Roberts*, 4 Rawle 100 — will be conclusive against him, whether he has appeared or not; *Jackson* v. *Marsh*, 5 Wend. 44; *Beers* v. *Pinney*, 12 Wend. 309. Of every fact established by it; *Thrasher* v. *Haines*, 2 N. H. 443, and cases there cited; *Warren* v. *Cochran*, 7 Foster 342; *Tarlton* v. *Taunton*, 4 M. & S. 20; *Clark* v. *Cannington*, 7 Ala. 222; *Brewster* v. *Countryman*, 12 Wend. 446; *Walker* v. *Ferrin*, 4 Vt. 523; *Belden* v. *Seymour*, 8 Conn. 304.

Among those who are thus answerable over, are persons placing obstructions in highways. By the Revised Statutes, chap. 59, sec. 5, (C. S. 151,) "if any person shall place in any high-

way or street any timber, lumber, stones, or anything whatever to the incumbrance or obstruction thereof, he shall be liable to the town for all damages and costs which said town shall be compelled to pay to any person who has sustained damage by reason of such incumbrance or obstruction."

The present action is brought upon this statute to charge the defendant with the damages recovered by Shute against the town, on account of an injury suffered by him by reason of an obstruction placed by the defendant in a public highway.

In actions of this kind several points must be established by the plaintiff, as: 1. The contract or relation upon which the liability over depends. 2. An action for a cause for which the defendant is so liable under that contract or relation. 3. A notice to the defendant to take upon him the defence of the suit. 4. A recovery of damages, of which the record is conclusive evidence, when the other points are established. No presumption is allowed as to either of these points. Each is to be proved.

Neither of these points are admitted here. It was admitted that the defendant placed in the highway the stones referred to in Shute's declaration against Littleton, and a notice to Richardson to defend the suit brought by Shute against the town was proved, and a recovery by Shute against the town for the causes set forth in his declaration, among which were the stones placed in the highway by the defendant.

The liability over of Richardson depended upon the points that the injury sustained by Shute was occasioned in part or entirely (*Palmer* v. *Andover*, 2 Cush. 600,) by the stones placed by him in the highway, and that the recovery by him against the town was upon the same account. Of these points the only evidence offered was the judgment itself. The admission as to placing the stones in the highway did not reach these points.

There might be cases where the judgment would be evidence of these points, because it would be apparent upon the face of the record that the recovery was had for the same cause alleged in the action against the party ultimately responsible. But it would rarely happen that some connecting evidence would

not be required to show the identity of the cause of action upon which the recovery was had, with that in which the recovery over is claimed.

If, however, the declaration in that case had so stated the cause of action that the court could clearly see that the cause there stated was identical with the cause stated in the present declaration, and that the recovery could have been for no other cause, the judgment would be competent and conclusive evidence of this point. But if the declarations leave that matter in any doubt, that deficiency must first be supplied by evidence *aliunde*, before the judgment can be admitted as evidence of anything beyond its own rendition and tenor.

We have, therefore, turned to the declarations to see how this matter is. The declaration of Shute states that there was a public highway, describing it, which Littleton was bound to repair and keep free from obstructions, &c. It then alleges that said " highway then was, and for a long time before had been, out of repair, defective, unsuitable and insufficient, and said road was obstructed by a large stone placed in that part of the highway which was worked for public travel, and within the ditches, which stone was light colored, and of such a dangerous kind and appearance that horses were frightened at it, and the road was out of repair in this, that there was no guard or railing to keep horses and carriages from being precipitated down a steep bank there, by the side of the traveled path of the highway near said stone, though there was a dangerous embankment, &c. And said road was unsuitable in this stone left to frighten horses, and in the embankment not railed as aforesaid near said stone." It then sets forth that the plaintiff's horse was frightened at the appearance of said stone, and ran back, and for want of railing the plaintiff was injured, &c.

The declaration in the present action sets forth the same road, and the obligation of Littleton to repair and keep it free from obstructions, and alleges that the defendant wrongfully placed a large quantity of large, newly split granite stones, of a light gray color, one of which stones was much larger than the others,

in said highway, where it was worked for public travel, and between the ditches of said highway ; which stones were of a dangerous appearance, and so placed in said highway that they obstructed the highway, and frightened horses and other animals passing along said highway ; and one Shute, passing along said way with a horse and wagon, at or near said stones, his horse became frightened at the sight of said stones, and ran backwards several rods, got out of said highway, and upset the wagon among bushes outside the way, and broke the leg of said Shute, &c., and Shute brought his action against the town for the injuries so received, and recovered $94 damages and $134.55 costs, &c.

Now it is apparent that these two suits may be for the same cause of action. A party may rightfully state, as Shute appears to have done, as many facts as constituting part of his cause of action as he supposes may in any event be useful to him, and upon the trial he may prove as many of them as he is able ; and he may well recover if he proves one good cause, though he fail as to the others. Shute may have recovered upon the precise ground stated in the declaration against Richardson — the obstruction and danger caused by the stone placed by him in the highway. Shute may have failed to prove that the road was out of repair, or defective, or insufficient, or that there was an embankment requiring a railing, or that the railing was deficient. But on the other hand he may have entirely failed to prove that there was any stone in the road, or that the stone, if there was one, contributed in any degree to the damage he sustained ; and he may have recovered on the ground of other defects of the road, or of the want of a railing, or of both.

The allegation of the plaintiffs' writ against Richardson, that Shute sustained damages by reason of the stone placed in the road by Richardson, and that he recovered damages against the town for that cause, was one requiring proof, and it is very evident that the record of Shute's judgment does not prove a recovery for that cause, since it contains nothing to show that the recovery might not have been had for other causes set forth in Shute's writ, entirely unconnected with and independent of the stones placed in the road by Richardson.

Littleton *v.* Richardson.

Though the declaration in the former suit may be broad enough to include the subject matter of the second action, yet if upon the whole record it remains doubtful whether the same subject matter was actually passed upon, parol evidence may be received to show the truth. And it is competent for the defendant to show that the question involved in the second action was not passed upon in the first. 1 Greenl. Ev., sec. 532, and cases there cited. If, from the general nature of the pleadings, the matter which has been tried does not appear upon the face of the record, it may be shown by other evidence. *King* v. *Chase*, 15 N. H. 14 ; *Briggs* v. *Wells*, 12 Barb. 567 ; *Birkhead* v. *Brown*, 5 Sandf. 134.

From these views it follows that to render the record in Shute's case evidence generally in this action, it should have been shown that the recovery in that case was upon the same ground which is alleged as the cause of action in this case, and consequently that the ruling of the court below, that the record alone was conclusive evidence of all the facts required to support the action, after it had been shown that the defendant placed the stones in the highway, cannot be sustained ; and, for the same reason, the ruling was incorrect that no evidence should be received to show that the judgment was not in fact recovered in any part on account of the stones.

As it was enough for Shute in his action to show that he sustained the damage he suffered by reason of all or any combination of the causes set forth in his declaration, it might not have been necessary for the parties to try, or for the jury to decide, whether the stone left by the plaintiff in the road specially contributed to the injury. The whole state of facts existing in the case might have been so laid before the jury that it cannot. be ascertained whether or not the stone was regarded as material to the plaintiff's right of recovery. If that cannot be shown the record is not evidence of anything but the fact of its recovery, and the amount, and it must then be for the jury to determine in the present case whether the damage to Shute was caused by the fault of the defendant in leaving this obstruction in the public highway.

If the evidence laid before the jury tends to show that the recovery in Shute's case rested wholly upon the facts upon which the right of recovery in this case depends, the jury should have been instructed that if they were satisfied of that fact, the judgment was conclusive evidence of all the facts necessary to entitle the plaintiff to recover, except the act of leaving the stones there.

But as the court cannot determine beforehand how the fact was in that particular, nor how that question may be decided by the jury ; and as the jury may believe that the question was not a material matter upon that trial, it is not seen upon what principle the evidence offered by the defendant, that the stones were such as Richardson might rightfully place where he did place them, that the accident was wholly produced by causes independent of the stones, and that the stones contributed in no part to the accident, could be rejected ; and we are of opinion it ought to have been received.

It was objected, that the notice of the pendency of the action by Shute against Littleton was not sufficient, but we do not regard the objection as well founded. The notice states the pendency of the action of Shute against the town ; that it was for damages sustained by Shute, by reason of a stone placed in the highway by Richardson, to whom the notice was addressed ; that the town will hold him responsible for the damages recovered, and request him to appear at the court, and defend the action, and save the town harmless. This seems the proper information to be given and request to be made to a party supposed to be responsible in such a case.

The objection seems to be that the action referred to in the notice sets forth a very different ground of action from that stated in this case. But, as has been said, the declaration in that case was suitable and sufficient to entitle the plaintiff to recover for the cause alleged in this case, and we do not perceive that the additional allegations could in any way prejudice the defendant's defence of that action.

It is objected, that the record of Shute's judgment could not

Littleton *v.* Richardson.

be evidence that the *locus in quo* was a public highway, but we have a different impression. This is a matter indispensible to be proved to entitle Shute to recover, and evidence disproving that fact, if such existed, must necessarily constitute a part of the defendant's defence, if he had assumed to defend that action.

There is in the case a motion in arrest of judgment for several causes. The two first, that the action should be debt and not case, and that the action is not stated to be founded on a statute, are not insisted upon in argument, and do not seem well founded. Debt does not lie for a mere tort ; and it is not necessary to refer to a statute in a civil case, though the action may be founded upon it. It is enough that the cause of action be so stated as to bring it within the requirements of the statute. The courts take notice of public statutes, as they do of the common law.

It is further moved in arrest, that it is not alleged in the declaration that there was a public highway at the place in question at the time of the accident. It is alleged it was a public highway on a day in September, but it is not alleged to have remained so afterwards. The exception seems unfounded, because, after alleging there was a highway there, September 1st, the declaration states that on the 13th of October after, Shute was passing *over and along said highway*, &c., which is a substantial allegation that the same highway remained at the date of the accident. But this fact must necessarily have been proved upon the trial, or the town could not have obtained a verdict, nor could Shute have recovered his judgment but upon proof of that fact. Any supposed defect resulting from the want of the usual allegation, that there was a highway there on the first of September, *and ever since*, is cured by the verdict.

As the rulings of the court are regarded as incorrect, the verdict must be set aside, and

*A new trial granted.*