## Brookville Borough *v.* Arthurs, Appellant.

*Negligence—Liability of property owner to borough for judgment recovered against latter for negligence of former.*

A borough which has been compelled to pay a judgment recovered against it for personal injuries caused by a defect in a sidewalk, may recover the amount of the judgment from the property owner whose negligence to repair was the occasion of the injury.

In such a case the person injured may proceed in the first place either against the borough or the property owner.

*Neglect to repair sidewalk—Liability of property owner.*

A property owner, required by ordinance to keep a sidewalk in repair, and repeatedly notified of defects which he promises to repair, is liable for an injury caused by his neglect to repair, although at the time of the accident the property is in the possession of a tenant.

*Charge of court—Request—Review.*

The Supreme Court will not sustain an assignment of error that "the court erred in not instructing the jury upon the question to be decided," where the court answered all the points presented by the parties.

Argued Oct. 4, 1892.     Appeal, No. 32, Oct. T., 1892, by defendant, Richard Arthurs, from judgment of C. P. Jefferson Co., Sept. T., 1889, No. 227, on verdict for plaintiff.     Before STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Trespass to recover amount of judgment paid by defendant to Mamie G. Brosius for personal injuries sustained through alleged negligence of defendant in failing to keep a sidewalk in repair.     See Brookville v. Arthurs, 130 Pa. 501.

At the trial, before WILSON, P. J., the court admitted under objection and exception evidence that defendant had been notified to repair sidewalk where accident had occurred [1–7, 11] also record of proceedings in Brosius v. Brookville [8, 9]; the court refused to admit evidence of condition of sidewalk [10]; evidence that defendant was not in possession of the property, but that it had been leased to another and that sidewalk was in good condition at date of lease [12, 13, 14, 16, 18, 20, 21]; evidence that he had repaired the defect after he had been notified [15]; declarations of borough officials as to agreement by them that defendant should not be required to defend the case against the borough and that he would be relieved from liability. [17, 19, 22]

Plaintiff's points were as follows :

" 1. That under the ordinance of the borough of Brookville, adopted on the 15th day of July, 1873, it was the duty of the defendant, Richard Arthurs, to keep the sidewalk on Pickering street in repair and in a safe condition, so persons could pass along same with safety, and if he through negligence suffered the same to become out of repair, or neglected to repair the same after notice from the borough officers so to do, he would be liable to reimburse the borough for any damages they may have sustained and been compelled to pay in consequence of his negligence."     Affirmed. [23]

" 2. If the jury believe from the evidence that the defendant, Richard Arthurs, had either notice or knowledge for some time previous to the trial of the case of Mrs. Brosius against

the borough of Brookville that such suit was brought, and was set for trial, thereby giving him an opportunity to defend the same, and that he was present at the trial, and was examined as a witness, the verdict and judgment in that case is conclusive against said Arthurs as defendant in this case as to the facts adjudicated therein, and the plaintiff is entitled to recover the amount of said judgment, costs and reasonable attorney fees incurred in defending the same." Affirmed. [24]

" 3. That if Richard Arthurs, the defendant, when notified to repair the sidewalk in front of his property on Pickering street, promised and agreed with Robert Stewart, a member of the council and street committee of the borough of Brookville, or Joseph Heasley, street commissioner of said borough, or either of them, that he would repair said sidewalk, and relay the same with a new pavement the next spring, and afterwards failed or neglected to repair and put in a safe condition said sidewalk, in consequence whereof Mrs. Brosius suffered and sustained the injury for which she recovered against the borough of Brookville, the plaintiff is entitled to recover the amount of the judgment and costs recovered against said borough, together with reasonable counsel fees, in absence of evidence excusing liability on the part of the defendant for negligence." Affirmed. [25]

Defendant's points were as follows :

" 1. That in order to recover in his action the plaintiff must show that the defendant was liable to Mrs. Brosius for the injury complained of, and that the injury was the direct result of the action of the defendant." Affirmed.

" 2. That to recover upon a contract the plaintiff must prove and show that a complete and perfect contract was consummated, based upon a good and sufficient consideration, and mutually binding upon both parties ; and if the jury find from the evidence that Richard Arthurs, the defendant, made a proposition such as is testified to by Robert Stewart, one of the street committee, to wit: That if the council would give him until next spring he would build a stone pavement that would give no one any trouble, and in the meantime he would be responsible for all damages for injuries received on the pavement, and that unless they further find that the proposition was communicated to council, and accepted by them, and notice of that accept-

ance communicated to Richard Arthurs, the defendant, then it does not amount to a contract, and there cannot be a recovery on it as such in this case." Affirmed.

"3. That the rule of law providing that if a municipal corporation be held liable for damages sustained in consequence of the unsafe condition of sidewalk, or street, it has a remedy over against the person by whose act or conduct the sidewalk or street was rendered unsafe, has reference to some positive act causing the sidewalk or street to be unsafe, or neglect to properly guard an excavation or opening in the sidewalk or street by the party making the opening, and if the jury find from the evidence that Richard Arthurs by no positive act caused the defect in the sidewalk in front of the Central Hotel on Pickering street, where Mrs. Brosius received her injury for which this action is brought, there can be no recovery in this action." Affirmed.

"4. That there is no implied liability on the part of the owner of the property in front of which the defect existed to the party injured, arising from the mere fact of ownership. Before the lot owner can be held responsible there must be some negligence on his part, or he must have trespassed upon the sidewalk by obstruction on the surface, or excavation beneath, and negligence, obstruction or excavation must have caused the injury." Affirmed.

"5. If the jury find from the evidence in this case that Richard Arthurs, the defendant, by no act of his caused the sidewalk in front of the Central Hotel on Pickering street to be out of repair at the place where Mrs. Brosius received her injury, and for which injury this action was brought, then the relation created between the plaintiff corporation and Richard Arthurs, the defendant, is purely statutory, and the law and ordinance provide a remedy which must be pursued, and no common law action can be maintained thereon. If the jury so find their verdict must be for the defendant." Refused. [26]

"6. That under the pleadings in this case there can be no recovery on any contract or agreement to indemnify, such as testified to in this case." Affirmed.

The court, in the general charge, after stating the nature of the claim and amount, concluded:

"The situation this case has assumed renders it unnecessary

for the court to say more to you than what is contained in the points of the counsel on both sides. We presume that will be sufficient unless you desire something else." [27]

Verdict and judgment for plaintiff for $6,697.20. Defendant appealed.

*Errors assigned* were (1–22) rulings on evidence; (23–26) instructions, quoting them; (27) " not instructing the jury upon the question to be decided and the issue being tried, the charge being as follows," quoting it.

*H. Clay Campbell*, with him *D. E. Brenneman*, for appellant, cited Bears v. Ambler, 9 Pa. 193; Grier v. Sampson, 27 Pa. 183; Wunder v. McLain, 134 Pa. 334; Keely v. O'Conner, 106 Pa. 321.

*Cadmus Z. Gordon* and *William L. Corbett*, with them *George A. Jenks*, for appellee, cited Smith v. Kingston Bor., 120 Pa. 357; 2 Dillon on Mun. Corp., § 1025; Chicago v. Robbins, 2 Black, (U. S.) 418; Clark v. Fry, 8 Ohio St. 359; Ellis v. Sheffiels Gas Co., 2 E. & B. 767; Westfield v. Mayo, 122 Mass. 100.

OPINION BY MR. JUSTICE STERRETT, January 3, 1893:

The six points for charge, presented by defendant, were evidently intended to elicit instructions applicable to any phase of the case that could be presented by the facts as they might be found by the jury from the evidence before them. All of these points, except the fifth, were affirmed by the court, without any qualification.

In affirming the first point, the learned judge instructed the jury, in the language thereof: " That in order to recover . . . . the plaintiff must show that the defendant was liable to. Mrs. Brosius for the injury complained of, and that the injury was the direct result of the action of the defendant." In other words,—expressing the proposition affirmatively,—if the jury find that the facts are as stated in said point, the plaintiff is entitled to recover. There was evidence tending to prove the facts of which the point is predicated; and, if the jury found them to be as stated, their verdict in favor of the plaintiff must be regarded as the logical sequence of such finding.

In like manner, the affirmance of the second, third and fourth points was tantamount to affirmative directions to render a ver-

dict for plaintiff, provided the jury should find the facts and circumstances to have been as stated, qualified and limited in each of said points, respectively. There was some testimony relating to and tending to prove each of these matters; and, under the instructions requested and given, it was the special province of the jury to consider and weigh the evidence, and determine for themselves whether the state of facts—specified in each of said points as authorizing a verdict for plaintiff— really existed or not. If such was not the case, why was the court requested by the defendant to instruct the jury as set forth in said points?

As requested in the fourth point, the court also instructed the jury, " That there is no implied liability—on the part of the owner of the property in front of which the defect existed— to the injured party, arising from the mere fact of ownership. Before the lot owner can be held responsible, there must be some negligence on his part, or he must have trespassed upon the sidewalk, by obstruction on the surface, or excavation beneath; and negligence, obstruction or excavation must have caused the injury."

The learned judge, in effect, pronounced this good law. It was certainly as favorable to the defendant as he could ask; and, if the jury—finding from the evidence that there was negligence, on his part, which caused the injury,—applied his own rule and rendered a verdict against him, he should not insist that no cause of action was shown. If the testimony was believed, the plaintiff had a good case; and in searching for the proof, it was not necessary to go further than the defendant's own admissions of negligence, and the evidence as to the resultant injury of Mrs. Brosius in consequence thereof. It is not our purpose to refer in detail, either to the testimony or to the facts which it tended to prove. When this case was here before, we said: " It is undoubtedly the duty of a municipal corporation, having the exclusive care and control of its streets, to see that they are kept in a condition that is safe for the passage of persons and property, and if that plain duty is neglected, and thereby injury results to any one, the corporation is primarily liable to the injured party; but if, as between the corporation and a third party, the injury resulted from negligence of the latter, he is liable over to the corpora-

tion. . . . While it is true that the borough could not deny its liability for neglect of its general duty to see that the streets and sidewalks thereof are kept in reasonably good and safe condition, it cannot be pretended that the corporation in any way co-operated with the defendant in his neglect to perform the duty which, as between it and himself, he assumed to discharge. As shown by the evidence, the true relation of the defendant to the borough was that a resident property owner, bound by ordinance, and still further by his express promise, to keep the sidewalk in question in good repair. The claim is not for contribution, but to recover from the defendant the amount which the plaintiff was compelled to pay in consequence of his neglect to do what he should have done, and expressly promised to do:" Brookville v. Arthurs, 130 Pa. 501, 515.

We did not mean, by anything that was said in that case, to intimate that it was necessary for Mrs. Brosius to bring suit, in the first place, against the borough. If the injury she sustained resulted from Mr. Arthurs' neglect of duty, she had a right to elect as to which she would proceed against.

By the affirmance of defendant's sixth point, the jury were precluded from basing a verdict on any contract or agreement of defendant to indemnify the borough, of which there was some evidence. Whether that instruction was right or wrong, we need not inquire. We must assume that it was obeyed, and hence the verdict cannot be based on that evidence.

The subjects of complaint, in the first twenty-two specifications, are the rulings of court relating to the several questions of evidence referred to therein. It is unnecessary to consider them separately. We are not prepared to say there is any error in either of them.

The twenty-third to twenty-fifth specifications allege error in affirming plaintiffs' points therein recited. Neither of these is sustained; nor is the twenty-sixth specification sustained. It charges error in refusing to affirm defendant's fifth point recited therein. For obvious reasons that point was rightly refused: 2 Dillon on Mun. Corp. § 1025.

The twenty-seventh and last specification, complaining of the charge of the court, in that the jury were not instructed "upon the question to be decided and the issue being tried,"

is not sustained. In so far as instructions were requested, by either party, they were given by the court. The defendant's six prayers for instructions were answered by refusing the fifth and affirming all the others. The plaintiff's evidence was quite sufficient to warrant the jury in finding as they did, even under the defendant's own view of the law as embodied in his five affirmed points.

There appears to be no error in the record that requires a reversal of the judgment.

Judgment affirmed.