# Homestead Borough, Appellant, *v.* Homestead Lumber Company.

*Negligence—Boroughs—Sidewalk—Abutting owner—Suit by borough —Evidence—Nonsuit.*

In an action by a borough against the owner of land abutting on a street, to recover the amount of a judgment which the borough was compelled to pay for personal injuries, alleged to have been caused by the negligent piling of lumber on the sidewalk by the defendant, a nonsuit is properly entered, where the borough merely puts in evidence so much of the record in the prior negligence suit as to show the plaintiff's statement, and that a judgment was recovered and paid, and it appears that the statement showed that the plaintiff had averred not merely negligence in permitting the lumber to be on the sidewalk, but also negligence in permitting the sidewalk to be out of repair. In such a case the borough is bound to show on what ground the jury found a verdict against the borough, and this it can only do by introducing in evidence the charge of the court and the evidence introduced in the former suit.

Argued May 2, 1911.   Appeal, No. 74, April T., 1911,

by plaintiff, from order of C. P. No. 1, Allegheny Co., March T., 1907, No. 252, refusing to take off nonsuit in case of Homestead Borough v. Homestead Lumber Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover the amount of a judgment which the plaintiff had been compelled to pay. Before MACFARLANE, J.

The opinion of the Superior Court states the facts of the case.

*Error assigned* was order refusing to take off nonsuit.

*George C. Bradshaw,* with him *John Braden McAdoo* for appellant.—Having been notified to come in and defend and having failed to do so, The Homestead Lumber Company cannot deny the facts which were settled in the former case.

The Homestead Lumber Company had notice from the borough to appear and defend the suit of the Houstons v. The Borough of Homestead.

*Merrill Wright,* of *McKelvy & Wright,* for appellee.— The plaintiff failed to show by witnesses, or by the record in the other case, viz.: the testimony and court's charge, that the recovery in the former case was on account of the negligence of the defendant in this case in obstructing the said highway and negligently maintaining the lumber and building material on said highway: Littleton v. Richardson, 34 N. H. 179; Denison v. Sanford, 2 Tex. Civ. App. 661 (21 S. W. Repr. 784).

OPINION BY MORRISON, J., July 13, 1911:

William R. Houston and Sarah J. Houston, his wife, in October, 1902, brought an action in trespass founded on the alleged negligence of the defendant, against the borough of Homestead, and having on February 6, 1906,

recovered final judgments therein against the defendant, amounting to $725, and the borough having paid the same, with interest and costs, it brought the present suit against the Homestead Lumber Company to recover the amount of said judgments, interest and costs, on the theory that it was the negligence of said lumber company which caused the injury to Sarah J. Houston for which she and her husband recovered said judgments against the borough.

. The law is now well settled that in a proper case a municipal corporation can maintain a suit against the wrongdoer who caused the injury for which the municipality was compelled to respond in damages: Brookville Borough v. Arthurs, 130 Pa. 501, 152 Pa. 334; Gates v. Penna. R. R. Co., 150 Pa. 50; Phila. Co. v. Traction Co. et al., 165 Pa. 456; Reading City v. Reiner, 167 Pa. 41; Dutton v. Lansdowne Borough, 198 Pa. 563; Fowler v. Jersey Shore Borough, 17 Pa. Superior Ct. 366.

However, the important question raised by this appeal is whether the plaintiff made such a prima facie case that the court was bound to submit it to a jury. When the plaintiff rested, the court entered a compulsory nonsuit and subsequently refused to take it off, to which ruling the plaintiff's counsel excepted and the court sealed a bill.

At the trial the plaintiff put in evidence the record in the case of Houstons v. Borough of Homestead and this established the fact that the recovery in that case was for injuries sustained by Mrs. Houston on a public street of the borough. And further, fixed the amount of the recovery in that case, and the plaintiff further showed by sufficient evidence that the debt, interest and costs in said judgments had been paid by it before the bringing of this suit. Appellant's learned counsel earnestly contends that his case was for the jury. On the other hand, it is just as earnestly contended that the court was warranted in entering the nonsuit because the plaintiff failed to put in evidence the charge of the court and the testimony in the former case, and, therefore, it could not be determined

on what ground the jury found the verdict in favor of the Houstons in their case against the borough.

The learned court below appears to have been satisfied that the plaintiff made out a case for a jury, with the single exception to which we have already referred. The position of the court below may best be expressed by quoting from the opinion of the court in refusing to take off the nonsuit:

"The statement charged that the lumber company had carelessly placed stone, sand, lumber and various building material on the street and the sidewalk without placing any guard or light to protect the public, and that Mrs. Houston, while passing along the street, fell over the building material and was injured, and that in a suit brought by her against the borough she recovered a verdict which the borough paid and that notice had been given to the lumber company of the pendency of the suit and an opportunity given it to appear and defend.

"The statement in the action against the borough covered a wider field than claimed in this case, and added a claim for a carelessly maintained sidewalk covered with stone and other things with which the lumber company had nothing to do.

"On the trial of this case it was shown that Mrs. Houston was hurt by falling over a piece of lumber in a passageway between two piles of lumber owned by the lumber company, placed there by it for use in the construction of a building of which it was the contractor, and a case was made out against the lumber company but it was not shown that this was the claim upon which Mrs. Houston recovered against the borough. She showed that she was hurt, but what was testified to in the other case, what issue was left to the jury, did not appear. We can imagine that as this was the same person and that she was hurt at this time, that this was in some particulars at least her claim against the borough, but it was not proved. In other words, it was not shown that the recovery against the borough was for damages sustained by Mrs. Houston by reason of the wrongdoing of the lumber company."

Now turning to the plaintiff's declaration in Houstons v. Borough of Homestead, we find the cause of action set out as follows:

"And yet the said defendant, notwithstanding its duty in this regard, then and there, wrongfully, improperly and negligently allowed and suffered a portion of the said street or highway, to wit, that portion situate and lying between West Street and Hays Street, to be out of repair in this, to wit, that a portion of the sidewalks were unpaved and unfit for travel, and the said street or highway to be obstructed by certain piles of lumber, heaps and mounds of bricks, stones, earth, building materials and rubbish, lying and remaining thereon at divers places, near the line of the curb immediately in front of the residence and property of the plaintiffs, to wit, Nos. 130 and 132 West Ninth Avenue, and the properties adjacent thereto, and near and along the line of the curb immediately in front of the property of or late of George Kreitzer, on the opposite side of the said street, to wit, Nos. 131 and 133 West Ninth Avenue; said obstructions extending along said street or highway, on both sides thereof, a distance of some 70 feet, and projecting upon the sidewalks thereof and far into the middle of the said highway and immediately into and upon the roadway and line of travel thereof. And during the nighttime of said seventh day of August, A. D. 1901, and for a long time prior thereto, to wit, some four weeks, the defendant wrongfully, improperly and negligently kept and continued the same therein and thereon without placing or causing to be placed any guard, rail, barricade, light or signal near, on or about said obstructions, to protect the public therefrom or show that the same were there as aforesaid; by means whereof and in consequence of which said negligence and improper conduct of said defendant in that respect, afterwards, to wit, during the night of the said day, at the county aforesaid, said plaintiff, Sarah J. Houston, who then was and now is the wife of the said William R. Houston, using due care, was passing from the roadway of the said street or highway

onto the sidewalk thereof immediately in front of her said residence and she then and there accidentally tripped upon certain lumber, scantling or materials, scattered, lying and remaining on the said highway or street and was thereby thrown violently to the ground. By means whereof her arm was broken and permanently disabled and she became and was greatly bruised, cut, wounded, sick and disordered and otherwise seriously injured and disabled, and so continued for a long space of time, to wit, from thence hitherto; . . . .

"And the said plaintiffs further say that the said borough of Homestead was negligent and careless in suffering and allowing the said street or highway to be out of repair and to be obstructed as aforesaid, and in failing to remove the said obstructions and in failing to place or cause to be placed guards, lights or signals on or about the same, as the direct and immediate consequence of which said negligence, and without any negligence on the part of the plaintiffs, the injuries aforesaid were caused."

Without the charge of the court and the testimony in the former case being before the jury in the present one, we are unable to see how the jury could find that the recovery of the Houstons against the borough was based entirely on the wrongdoing of the Homestead Lumber Company.

It will be observed that in the declaration in the former case it is charged that the defendant, meaning the borough of Homestead, "then and there, wrongfully, improperly and negligently allowed and suffered a portion of the said street or highway, . . . . to be out of repair in this, that a portion of the sidewalks were unpaved and unfit for travel, and the said street or highway to be obstructed by certain piles of lumber, heaps and mounds of bricks, stones, earth, building materials and rubbish, lying and remaining thereon at divers places, near the line of the curb immediately in front of the residence and property of the plaintiffs," etc.

The testimony in the present case may be conceded

sufficient to warrant a jury in finding that Mrs. Houston was injured by falling over lumber left in the public street by the Homestead Lumber Company; but that assumption does not avoid the difficulty on which the court below predicated the nonsuit. The two declarations do not conclusively show that the former recovery was for the same cause of action attempted to be proved in the present suit. Without the testimony in the former case and the charge of the court in evidence it was impossible for a jury to have found in the present case that the former recovery was not on the ground of the negligence of the borough in "that a portion of the sidewalks were unpaved and unfit for travel, . . . . with heaps and mounds of bricks, stones, earth, building materials and rubbish lying and remaining thereon in divers places," etc. It is quite apparent from the above language of the declaration in the former case that the pleader did not rest his case solely on a charge that Mrs. Houston was injured by the lumber, etc., placed in the street by the Homestead Lumber Company, but great care was taken to charge a case of negligence against the borough of Homestead on which a recovery might have been had independent of the acts of the Lumber Company. Now with this condition confronting the plaintiff in the present case it was most important for it to furnish sufficient evidence to enable the jury to find as a fact that Mrs. Houston's injuries were caused solely by the negligence of the Homestead Lumber Company. But on the record of the former case and the other evidence placed before the jury in the present one it was not possible to so find. In other words, the present plaintiff did not prove that the recovery in the first case was for the same cause of action as that for which a recovery was sought in this case. "And although the declaration in the former suit may be broad enough to include the subject-matter of the second action, yet if, upon the whole record, it remains doubtful whether the same subject-matter were actually passed upon, it seems that parol evidence may be received to show the truth:" 1 Greenleaf on Ev., sec. 532.

Referring again for a moment to the court's opinion we note: "The statement in the action against the borough covered a wider field than claimed in this case, and added a claim for a carelessly maintained sidewalk covered with stone and other things with which the lumber company had nothing to do. . . . She showed that she was hurt, but what was testified to in the other case, what issue was left to the jury, did not appear." We have already seen that neither the charge of the court nor the evidence in the former case was offered in evidence in the present one. It is entirely possible that the Houstons may have failed, in the former case, to prove that the lumber company was negligent and that its negligence caused the injury to Mrs. Houston and still have recovered against the borough on account of its negligence in permitting the sidewalk and street to be out of repair and impassable at night, and thus compelled the Houstons to use the street for passage.

The averment in the plaintiff's declaration that the Houstons recovered against it by reason of the negligence of the lumber company was one which required proof, and it is too plain for argument the offering in evidence only of the Houston declaration and judgment does not prove a recovery by the Houstons on account of the lumber company's negligence, as this judgment contains nothing to show that the recovery of the Houstons might not have been for other causes set forth in their declaration unconnected with and independent of the obstructions by the lumber company. In short, we think the judgment in favor of the Houstons against the borough only showed a recovery by reason of all or any combination of causes set forth in their declaration, and, therefore, it might not have been necessary for the jury to decide whether the piles of lumber and building material left by the lumber company in the street caused the injury to Mrs. Houston. The case of Littleton v. Richardson, 34 N. H. Rep. 179, cited by appellee's counsel, is nearer like the present case than any we have found. That case fully sustains the

position we have taken. In it the court said: "But if the declaration left that matter in any doubt, that deficiency must first be supplied by evidence aliunde before the judgment can be admitted as evidence of anything beyond its own rendition and tenor.

"The allegation of the plaintiff that Schute sustained damages by reason of the stone placed in the road by Richardson, and that he recovered damages against the town for that cause was one requiring proof, and it is very evident that the record of Schute's judgment does not prove a recovery for that cause, since it contains nothing to show that the recovery might not have been for other causes set forth in Schute's writ." A similar case is Dennison v. Sanford, 2 Texas Civil Appeals, 661.

Appellant's counsel cite and seem to rely on our case of Fowler v. Jersey Shore Borough, 17 Pa. Superior Ct. 366. If in the present case the declaration of the Houstons against the borough had been limited to one specific defect in the street, that case would be in point. In the Fowler case the recovery was had on the alleged negligence of the borough in failing to keep a sidewalk in good repair, and of course the judgment determined that the sidewalk was out of repair. But in the present case we have seen that there might have been a recovery by the Houstons against the borough on other grounds than the negligence of the lumber company and, therefore, the burden rested on the plaintiff of showing by competent evidence that the Houstons recovered solely on the ground of the wrongdoing of the lumber company and this the present plaintiff did not prove and, therefore, we are of opinion that the court below did not err in entering a compulsory nonsuit and refusing to take it off.

We have before us but a single assignment of error, to wit:—"The learned court below erred in refusing the plaintiff's motion to take off the compulsory nonsuit." Being of the opinion that this assignment must be dismissed we refrain from deciding or expressing any opinion upon the merits of the plaintiff's case. It may be that the

plaintiff has a case against the defendant and it may be that it has not. We simply dismiss the assignment of error and affirm the judgment of the court in refusing to take off the nonsuit.

Judgment affirmed and appeal dismissed at costs of appellant.