SECURITY MUTUAL CASUALTY COM-
PANY, a corporation, and Aetna Casual-
ty and Surety Company of Hartford,
Connecticut, a corporation, Plaintiffs,

v.

Sylvester RICH, doing business as Rich
and Company, Defendant.

Civ. A. No. 12610.

United States District Court,
W. D. Pennsylvania.

Dec. 8, 1954.

John M. Reed, Pittsburgh, Pa., for plaintiffs.

Clyde A. Armstrong, Henry A. Morrow, Jr., Thorp, Reed & Armstrong, Pittsburgh, Pa., for defendant.

WILLSON, District Judge.

Defendant filed a motion to dismiss on the ground that the complaint fails to state a claim upon which relief can be granted. A companion motion by defendant is· for a more definite statement, which must be ruled upon in the event that the motion to dismiss is refused.

Plaintiffs are non-resident insurance corporations and the defendant is an individual resident of this district. Jurisdiction is based on diversity and the cause of action arises in this district.

The complaint alleges substantially: In 1946 defendant entered into a written agreement with Equitable Gas Company for the installation of a 16-inch welded pipe gas line situate partly in Jefferson Borough in this district, a copy of the contract being attached to the complaint, and in which defendant agreed inter alia as follows:

"(b) Indemnification—To be responsible for and to protect, indemnify and save the Company harmless from and against the payment of any and all sums of money by reason of any accidents, injuries or damages to persons or property which may happen or occur upon or about said work, or arise by reason thereof from a cause not attributable to negligence on the part of the Company."

Plaintiffs allege that defendant, in laying the pipe line, bent the pipe by application of heat and then applying pressure, producing what is known as a "wrinkle bend" and that in making the bend, defendant applied an excessive amount of pressure, weakened the pipe under Pine Street so that the pipe failed to withstand the pressure of gas which Equitable carried through its lines in the usual and customary amounts, and that by reason of defendant's negligence in the installation, one of the sections of pipe comprising the line broke or split at the point it was bent and as a result, gas escaped from the pipe line and was carried through a sewer line located above the pipe line into residences and other buildings located along Pine Street, causing explosions and fires and resulting in great damage and also personal injuries and death of persons. Plaintiff Aetna insured Equitable against loss from explosions and fire resulting from the escape of gas under a limited policy. Plaintiff Security Mutual insured Equitable against loss by reason of property damage and personal injury and death for amounts in excess of Aetna's policy. The complaint further alleges that Equitable and plaintiffs duly and properly notified defendant of the break and the resulting injuries and damages and that plaintiffs continued to keep defendant notified of the progress of all acts done with respect to proposed settlements and .actual settlement of claims, and all actions brought by claimants and afforded defendant an opportunity to participate

in the settlements and to defend the actions brought. It is alleged that defendant wholly failed and neglected to reply to any and all notices and has refused to make payments with respect to any losses. It is further alleged that after the line broke, plaintiffs made exhaustive examinations as to the nature and extent of the damages, and of the extent of the injuries and of the approximate value of the respective claims and thereafter proceeded to effect settlement and compromise of all claims except one and in connection therewith plaintiffs incurred expenses. Plaintiffs aver that all payments made in compromise and settlement of claims and for expenses are reasonable and proper and made as the result of their respective policies of insurance which obligated plaintiffs to pay such amounts on behalf of their insured, Equitable. Plaintiffs allege that defendant was primarily liable for the damages resulting from the break by reason of his negligence in the improper installation of the pipe line, but that Equitable was secondarily liable to the persons damaged by reason of the operation of said pipe line by it. Plaintiffs aver that by reason of making said payments they are subrogated to the rights of Equitable Gas Company and are the real parties in interest with respect to the amounts expended by them which are detailed on an exhibit attached to the complaint. Aetna avers that it has paid in compromise or settlement the sum of $50,000. Security Mutual avers that it has paid in compromise or settlement the sum of $144,677.-52. In addition, Aetna claims expenses in the sum of $1,962.25, and also Security Mutual claims reimbursement for a claim pending in the county court of Allegheny County in the sum of $340, by reason of damage to an automobile.

In support of its motion, defendant contends that plaintiffs are in one of two positions, namely: He says that Equitable, plaintiffs' insured, had no legal liability for the payment of claims of the damaged parties and plaintiffs were, therefore, volunteers in making the payment and cannot now recover from defendant; and secondly, defendant contends that if Equitable was legally liable for the payment of claims advanced by damaged persons, such liability must be based on negligence attributable to Equitable and therefore, under the terms of the indemnification clause in the contract for the construction of the pipe line, Equitable and plaintiffs, as its subrogees, are barred from any recovery against defendant. Defendant concludes that under either theory plaintiffs have no cause for recovery against him.

Plaintiffs say that Equitable owed a duty to the public in constructing the line and if such construction was negligently performed, as is alleged, it was legally responsible to the persons injured in the accident. It was, therefore, not a volunteer in making settlement of the claims and the insurance companies, in making payment on its behalf, were likewise making payment of legal obligations for which they were responsible to Equitable as its insurance carriers. Plaintiffs disclaim any active negligence initially attributable to Equitable in the construction or the maintenance of the line, but nevertheless plaintiffs' position is that Equitable is responsible to the public for injuries and damages resulting from the active negligence of its independent contractors. Plaintiffs state that Equitable's liability was secondary and that the primary liability rests with defendant. Plaintiffs argue that the case is similar to the familiar sidewalk cases wherein the property owner is primarily liable and the municipality is secondarily liable. In the case of suit against the municipality, the municipality may maintain an action against the property owner for reimbursement for damages paid to the member of the passing public.

It is believed that plaintiffs' position in this regard is well taken. The proposition has been decided in Pennsylvania in the case of Philadelphia Co. v. Central

Traction Co., 165 Pa. 456, 30 A. 934, 936. In that case, a gas leak was caused by pipe of the gas company sinking in an excavation made by defendant traction company in constructing a vault in the street for a power house. The defendant traction company was alleged to be negligent in not properly filling the excavation under the pipe and tamping the ground. The work was done under an agreement between the two companies which provided that the work of filling and tamping the ground was to be done by the traction company. The suits of injured parties were filed against the gas company and verdicts recovered, which while pending on appeal, were settled by an agreement between the injured parties and the plaintiff gas company. Plaintiff sued the traction company to recover the amount of the settlements which were admitted to be reasonable. The Court held that the claims against the gas company charged and held negligence against it. In the words of the Court:

"  *   *   * But it was the negligence of not performing the duty to the public of keeping its pipe lines in proper and safe condition. Whether there was an initial negligence of the present defendant, out of which plaintiff's default arose, might or might not have been shown in the trial of those cases, and may or may not appear in the records, but was not material, and could not affect the results of those actions, or the question in the present case of the liability as between the plaintiff and defendant. The second and third assignments of error, and the argument upon them, are satisfactorily answered by the illustration given by the learned judge in his charge, of the common case of a municipality being held liable to a party injured by an obstruction in the street, yet having an unquestionable right to recover from the person who put it there. Brookville Borough v. Arthurs, 130 Pa. 501, 18 A. 1076; Id., 152 Pa. 334, 25 A. 551."

The Court also holds in the foregoing case that the compromise and payment of claims of injured parties before a final decision on appeal did not make the plaintiff a volunteer.

The foregoing case has been cited with approval in later decisions of the Pennsylvania courts. See Orth v. Consumers' Gas Co., 280 Pa. 118, 124 A. 296; Builders Supply Co. v. McCabe, 366 Pa. 322, 77 A.2d 368, 24 A.L.R.2d 319; Homestead Borough v. Homestead Lumber Co., 47 Pa.Super. 500; Reymer v. Consolidated Ice Co., 67 Pa.Super. 468.

In defendant's reply brief, he states the issue before the court:

"Thus, the whole issue before the Court on defendant's Motion was reduced to one narrow legal question, i. e., is a Gas Company liable to third parties for injuries and damages to such persons resulting from gas escaping from its lines and exploding where such explosion is not the result of any negligence on the part of the Gas Company. Unless this question can be answered in the affirmative, it is clear that under the indemnification clause in the contract between defendant and Equitable, plaintiffs have no right to recovery here."

■ Under the complaint, and at this stage of the case and for purposes of the present ruling only, it appears that Equitable was liable to the third parties injured, but that the initial and active negligence was that of the defendant.

Under Fed.Rules Civ.Proc. rule 17(a), 28 U.S.C.A., the plaintiffs are the real parties in interest and therefore proper plaintiffs under the allegations of the complaint. See United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171.

The question as to the reasonableness and the propriety of the compromise settlements are not passed upon at this point. The motion to dismiss the complaint will, therefore, be denied.

Defendant's motion for a more definite statement comprises two parts. First, defendant says that the complaint is so vague and ambiguous that defendant should not reasonably be required to prepare a responsive pleading. As to this point, the Court must disagree with the contention advanced by defendant. It appears that the complaint is within the provisions of Rule 8 of the Rules of Civil Procedure. In the complaint the status of both plaintiffs is set forth and their relationship to the Equitable Gas Company is averred. The contract between defendant and Equitable is pleaded as well as the installation of the pipe line by defendant and the defect in the bend is described and defendant's responsibility therefor averred. The complaint by exhibit indicates the names of the persons and the amounts of the compromise settlements.

Under paragraph second of the motion, defendant seeks the policies or contracts of insurance between plaintiffs and Equitable. These are referred to but not attached to the complaint. It is believed that the complaint in this respect is sufficient and that if defendant desires an inspection of the insurance contracts he may, of course, secure it by discovery. As to reasons (c) and (d), the summary of the complaint as discussed under the motion to dismiss will show that there is no merit to the reasons advanced for a more definite statement. As to the reasons under second (e), it is believed that the averments of the complaint are sufficient compliance with the provisions of Rule 8, and if more detailed information or an inspection of written contracts or agreements is desired, defendant may obtain such information under discovery rules. The motion for a more definite statement will be refused.