See also the preceding case.

---

## Johnstone v. Fritz, Guardian, Appellant.

[Marked to be reported.]

*Guardian and ward—Maintenance—Jurisdiction—Act of* 1832.

An action cannot be brought in the court of common pleas against a guardian to charge the estate of his ward for board and clothing necessary for the maintenance of the ward. The jurisdiction in the orphans' court in such case is exclusive, under the act of March 29, 1832, P. L. 191. The Supreme Court of its own motion will take notice of such want of jurisdiction.

Argued Nov. 13, 1893. Appeal, No. 55, Oct. T., 1893, by defendant, S. Fritz, guardian of Thomas Johnstone, from judg-

ment of C. P. No. 2, Allegheny Co., Jan. T., 1891, No. 588, on verdict for plaintiff, A. A. Johnstone.  Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit for maintenance furnished defendant's ward.

At the trial, before MAGEE, J., it appeared that plaintiff was the elder brother of Thomas Johnstone, defendant's ward.  Plaintiff claimed to recover $395.62 as a balance owing to him for board and clothing furnished to his brother.  Plaintiff also claimed to recover $25 for expenses incurred in securing the ward's acquittal of the charge of forging a check.  The contention between the parties was as to whether the money expended by plaintiff was for necessaries or not.  The court submitted the whole case to the jury.  No question seems to have been raised as to the jurisdiction of the court, either in the court below or in the Supreme Court.

Verdict and judgment for plaintiff for $436.95.

*Errors assigned* were instructions.

*G. W. Williams, N. S. Williams* and *Laird & Keenan* with him, for appellant.

*R. S. Martin*, for appellee.

OPINION BY MR. CHIEF JUSTICE STERRETT, Dec. 30, 1893:

In the view we take of this case, it is unnecessary to consider the errors assigned on the record.  Had the purpose of the action brought been to charge the guardian individually, the jurisdiction must have been conceded and the merits of the claim have been considered; but having been to charge the minor's estate, the want of jurisdiction is so plain that this court is compelled *suo motu* to take notice of it.  The act of 1832 gave the orphans' court exclusive jurisdiction of the estates of minors and of the settlement of the accounts of their guardians; and necessarily of all questions of allowance for maintenance.  " Nothing," said Mr. Justice BLACK, in Morris v. Garrison, 27 Pa. 226, " can be better settled as a general rule than this : That a person who has a right to appeal from a judgment, to conduct the trial in its different stages and to take a writ of error, is concluded by the final decision of it.  If the ward, therefore, could rightfully do what her husband did in this cause, a judg-

ment for the plaintiff would have been an estoppel in the orphans' court. Having been heard in the common pleas, she had no right to be heard again. The result of allowing a ward to appear in such a case would then be to change the forum for settling a guardian's accounts, contrary to that law which gives the exclusive jurisdiction of such subjects to the orphans' court." Upon the same principle, it was held in Commonwealth, to use, v. Raser, 62 Pa. 436, that a suit upon a guardian's bond could not be brought in the common pleas until his account had first been settled in the orphans' court. So in McCreery's Appeal, 31 P. L. J. (O. S.) 230, it was said: "We see no authority for the appellant paying the judgment against the preceding guardian and thereby estopping the orphans' court from inquiring into the justice of the payment. The latter court has exclusive jurisdiction of the account of the guardian. It cannot be deprived of that right by a judgment obtained against him before a justice of the peace."

But, even had there been no statutory bar, and the jurisdiction of the two courts been originally concurrent, that of the orphans' court, having first rightfully attached, must, in pursuance of the well settled rule, have become exclusive. The possession and management of the estate having already passed into its grasp, and both guardian and minor under its control and direction, a wise public policy would have forbidden any interference with the exercise of its jurisdiction. Those who deal with either guardian or minor must deal subject to the approval or disapproval of this one tribunal, else there will be an end of intelligent administration and a beginning of the evils resulting from conflict of jurisdiction. If the common pleas may take cognizance of questions of allowance, it may take cognizance of the conduct of the guardian and the settlement of his accounts, for the one involves the other; this the law will not permit.

This principle, it will readily be seen, is equally applicable to guardian and minor. The one is an officer and the other the ward of the orphans' court; they are mutually interested in the settlement of the accounts, and it would therefore be manifestly unjust that the one and not the other should be estopped by an action at law.

The judgment of the court below is therefore reversed without a venire de novo.