## Fowler *v.* Borough of Jersey Shore, Appellant.

*Actions—Liability over—Scope of judgment.*

When a person is responsible over to another either by operation of law or by express contract, and notice has been given him of the pending of the suit with the request that he take upon himself the defense of it, he is no longer regarded as a stranger to the judgment that may be recovered because he has the right to appear and to defend the action equally as if he were a party to the record. When notice is thus given, the judgment, if obtained without fraud or collusion, will be conclusive against him whether he had appeared or not. Such judgment cannot be extended beyond the points and issues necessarily determined by it, nor is the person

who is responsible over, precluded from setting up any defense which, from the nature of the action or the pleadings, he could not have interposed in the first litigation had he been a formal party to it.

*Negligence—Boroughs—Defect in highway—Liability over—Actions—Judgment.*

A judgment recovered against a municipal corporation for injuries caused by a defect or obstruction in the highway is conclusive evidence of its necessary facts and conditions if a subsequent action be brought by the municipality against a third person. In such a case the judgment against the municipal corporation is conclusive evidence of the existence of the defect in the highway, the injury to the individual while exercising due care, and of the amount of the damages.

Where an action has been brought against a borough to recover damages for personal injuries sustained by reason of a defect in a highway, and the owner of the abutting premises has been notified of the action, and has appeared and defended the suit, he has a right to appeal from a judgment against the borough and this right is not defeated by the action of the borough in paying and satisfying the judgment.

*Negligence—Borough—Defect in highway—Notice—Evidence.*

The duty of the municipality is to keep its streets in safe condition at all times, but its liability to persons injured on account of the neglect or omission of this duty is always conditional upon, first, a positive misfeasance in doing acts which cause the street to be out of repair, in which case no other notice to the corporation of the condition of the street is essential to its liability, because the municipality has all the knowledge of the facts which a notice would give; or, second, the neglect of the corporation to put the streets in repair or remove obstructions therefrom, or remedy causes of danger occasioned by wrongful acts of third parties, in which cases notice of the condition of the streets, or what is equivalent to notice, is necessary.

In an action against a borough to recover damages for personal injuries caused by an alleged defect in a highway, direct notice to the borough of the alleged defect cannot be shown through the hearsay declaration of a deceased street commissioner without any evidence that such knowledge if it existed, had ever been communicated to the borough or owner.

Argued Feb. 12, 1901. Appeal, No. 25, Feb. T., 1900, by defendant, from judgment of C. P. Lycoming Co., March T., 1899, No. 267, on verdict for plaintiff in case of Rebecca W. Fowler v. The Borough of Jersey Shore. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Trespass to recover damages for personal injuries.

At the trial it appeared that the plaintiff was injured by break-

ing through a board walk on Main street in the borough of Jersey Shore on the night of August 15, 1898. The board walk in question was in front of premises belonging to James G. Seely. The walk was constructed in 1894, and had been repaired in the spring of 1898.

When D. S. Smith, a witness for plaintiff, was on the stand, he was asked this question.

" Q. Who was the street commissioner of the borough of Jersey Shore in 1898 ?  A. Samuel Clark."

Mr. Ritter: I would like to know the purpose of that examination.

Mr. Mitchell: I propose to prove by the witness on the stand, that Samuel Clark was street commissioner of the borough of Jersey Shore during the year 1898, at the time and prior to the time this accident occurred; that in a conversation between Samuel Clark, who is now dead, and the witness on the stand, Clark told the witness on the stand that he knew of the bad condition of the walk and intended to notify the owner to fix it.

Mr. Ritter: We object to that, (1) because the knowledge possessed by the highway commissioner would not be sufficient knowledge to charge the borough; (2) because there is no allegation that an attempt was made, or an intention expressed to convey this intelligence to the borough, and a statement that he proposed to notify the property owner would not be sufficient to charge the borough itself, being the defendant in this case, with negligence, because it is incompetent for that purpose.

The Court: Do you propose to show that the street commissioner of the borough of Jersey Shore had charge of the sidewalks or had anything to do with the repairing of the streets and sidewalks ?

Mr. Mitchell: I propose to show that it was customary for the street commissioner of the borough of Jersey Shore to look after this particular part of the borough's duty—repair defective sidewalks.

The Court: If you propose to follow it with that, we will admit the question and overrule the objections.

To which ruling counsel for defendant except and at their request a bill is sealed. [8]

Mr. Peoples: Counsel for defendant proposed to identify the material of this walk by James G. Seely, showing the material of which the walk was composed at the time it was built—at the time subsequent to the date of this accident. This for the purpose of showing the material of which the board walk was built.

Mr. Mitchell: Counsel for plaintiff objects to the offer as incompetent, for the reason that the witness having already testified as to the material of which the walk was built, samples of the walk being proposed to be laid before the jury, it will likely produce on the minds of the jury an impression that the whole walk corresponded with the sample offered, and because it is not proper to offer part of the walk without offering the whole.

Because the offer does not propose to prove where, or when, or how, or from what place the samples proposed to be offered in evidence were secured.

The Court: Do you propose to show that the sample of the board walk you have is a piece of the board through which the plaintiff broke?

Mr. Peoples: No, I don't propose to do that, or to go to that extent, but I propose to prove that the board to be offered in evidence is part and parcel of the board walk on which the accident happened, and that it is in the condition of that board walk as a whole.

The Court: We think the fact that you have a sample of the board walk, but not attempting to show that it was a sample of the place where the accident happened, could not be material. It may have been better or worse than the rest, and it would not throw any light on the question to the jury. We will exclude the evidence.

To which ruling counsel for the defendant except and at their request a bill is sealed. [9]

John E. Potter, secretary of the borough council, and a witness for the defendant, was asked this question:

" Q. Was the sidewalk of Mr. Seely reported as being defective? "

Mr. Mitchell: We object to the question, because the witness is asked to prove the declarations of an official agent, the officers of the borough of Jersey Shore in the interest of the borough ; second, because such evidence is incompetent.

The Court: We will sustain the objection and exclude the evidence.

To which ruling counsel for defendant except and at their request a bill is sealed. [12]

Thomas Weiss, a witness for the defense, was asked this question :

" Q. State whether or not in the summer or fall of 1898 you had a conversation with him, Samuel Clark, in relation to this walk in front of the Seely property. A. I did. Q. When was that ? "

Mr. Mitchell: I don't think this is very material, but we might as well dispose of it once for all. I suppose counsel propose to prove the declarations of Mr. Clark. I object to the proof of any declarations of Mr. Clark in the interest of the borough of Jersey Shore or otherwise, because, first, the evidence is hearsay evidence ; second, if the declarations are in the interest of the borough of Jersey Shore, they are declarations of an agent of the borough and are not admissible.

The Court: This is the declaration of the defendant, made in his own interest. If the declaration of the defendant could not be evidence, how could the declarations of its agent? We will sustain the objection.

To which ruling counsel for defendant except and at their request a bill is sealed. [13]

Verdict for plaintiff for $1,800 on which judgment was entered for $1,500.

The defendant through James G. Seely appealed.

*Errors assigned* among others were (1) in refusing binding instructions for defendant. (8, 9, 12, 13) Rulings on evidence, quoting the bill of exceptions.

*W. E. Ritter* and *W. R. Peoples*, for appellant.—There was no evidence of notice to the borough : Lohr v. Philipsburg Boro., 156 Pa. 246; Burns v. City of Bradford, 137 Pa. 361 ; Duncan v. Philadelphia, 173 Pa. 554 ; Rapho v. Moore, 68 Pa. 404 ; Dutton v. Landsdowne Boro., 10 Pa. Superior Ct. 204.

Seely had a right to appeal : Brookville Boro. v. Arthurs, 130 Pa. 501 ; Brookville Boro. v. Arthurs, 152 Pa. 334 ; Dutton v. Landsdowne Boro., 10 Pa. Superior Ct. 204 ; Morris v.

Garrison, 28 Pa. 226 ; Cadmus v. Jackson, 52 Pa. 295 ; Garber v. Com., 7 Pa. 265 ; In re Beeder's Est., 10 Pa. 261 ; Steel v. Bridenbach, 7 W. & S. 150 ; Com.'s App., 128 Pa. 603.

No paper-book or appearance for appellee.

OPINION BY ORLADY J., July 25, 1901 :

This action of trespass was brought by Rebecca W. Fowler against the borough of Jersey Shore to recover for personal injuries sustained by her through the alleged negligence of the borough in failing to keep a sidewalk in good repair.

The attorney for the borough entered an appearance and a plea of not guilty. At the instance of the borough a notice was served upon James G. Seely, the owner of the property abutting the alleged defective sidewalk, to appear and defend in the said case. By allowance of the court James G. Seely appeared by counsel as a party in interest, and conducted the trial of the cause for the defense. No reference is made in the record of the trial to the general counsel of the borough except that he joined with appellant's counsel in excepting to the charge of the court, in the answers to the points submitted, in a motion for a new trial, and arrest of judgment, and in requesting the court to direct the stenographer to transcribe into long hand the notes of evidence to be filed. The jury returned a verdict of $1,800 which was subsequently reduced by the court to $1,500, which amount seems to have been satisfactory to the borough.

The judgment was entered on the verdict on December 19, 1899. On January 5, 1900, the borough paid to the plaintiff the debt, interest, and costs in full, and the judgment was marked satisfied of record seventeen days after judgment was entered. This appeal was taken by James G. Seely within the statutory time and the first question presented for consideration is his right to maintain it. The 9th section of the Act of May 22, 1722, 1 Sm. L. 131, P. & L. Dig. 128, provides : "If any person or persons shall find him or themselves aggrieved with the judgment of any of the . . . . courts of record within this province, it shall and may be lawful to and for the party so aggrieved to have his or their writ or writs of error, which shall be granted to them of course, in such manner as other writs of error are to be granted."

The notice served on Seely by the borough to come in and defend against the action of Mrs. Fowler could have but one purpose, i. e. to affect his ultimate liability for any damages she might recover against the borough.   The rule seems to be well established that when a person is responsible over to another either by operation of law or by express contract, and notice has been given him of the pending of the suit with the request that he take upon himself the defense of it, he is no longer regarded as a stranger to the judgment that may be recovered because he has the right to appear and to defend the action equally as if he were a party to the record.   When notice is thus given, the judgment, if obtained without fraud or collusion, will be conclusive against him whether he has appeared or not. Such judgment cannot be extended beyond the points and issues necessarily determined by it, nor is the person who is responsible over, precluded from setting up any defenses which, from the nature of the action or the pleadings, he could not have interposed in the first litigation had he been a formal party to it. A judgment recovered against a municipal corporation for injuries caused by a defect or obstruction in the highway is conclusive evidence of its necessary facts and conditions if a subsequent action be brought by the municipality against a third person, who is the author of the defect or nuisance, and who, having been legally notified of the first suit, is liable over.

In this case the judgment against the borough is conclusive evidence of the existence of the defect in the highway, the injury to the individual while she was in the exercise of due care, and of the amount of the damages: City of Boston v. Worthington, 10 Gray, 496, s c., 71 Am. Dec. 678.   See also 2 Black on Judgments, secs. 574, 575, and cases there cited: Garber v. Commonwealth, 7 Pa. 265; Morris v. Garrison, 27 Pa. 226; Cadmus v. Jackson, 52 Pa. 295; Brookville Borough v. Arthurs, 130 Pa. 501, s. c., 152 Pa. 334; Johnstone v. Fritz, 159 Pa. 378; Reading City v. Reiner, 167 Pa. 41, and cases cited 10 P. & L. Dig. of Dec. 16874.

The party so affected by the first judgment would not be estopped from showing on the second trial that he was not the owner of the premises, that he was not under any duty or obligation to keep the pavement in safe repair, and that the accident did not result through his neglect of duty, yet in this case the

appellant was a witness for the record defendant and so testified that the above phases of defense would not avail him on the second trial.

The rule that one of two joint tort feasors cannot maintain an action against the other for indemnity or contribution does not apply to a case where one does the act or creates the nuisance and the other does not join therein but is thereby exposed to liability; in such cases the parties are not in pari delicto as to each other, though as to third parties either may be held liable : Churchill v. Holt, 127 Mass. 165; s. c., 34 Am. Rep. 355. The claim is not for contribution but to recover from the property owner the amount the borough was compelled to pay in consequence of his neglect to do what he should have done. If the injury resulted from the property owner's neglect, the injured party has the right to elect as to which he will proceed against : Brookville Borough v. Arthurs, supra ; Gates v. Pennsylvania R. R. Co., 150 Pa. 50. Under the recent decision of the Supreme Court in Dutton v. Lansdowne Borough, 198 Pa. 563, the municipality and property owner cannot be sued jointly.

He is clearly a party aggrieved within the statute and decisions and is entitled as such to maintain this appeal. The conduct of the borough after judgment is not explained, but notwithstanding its satisfaction of the judgment after the appellant had given it notice to take an appeal to review the record, the borough could not in this surreptitious manner defeat his right of appeal. Such conduct was a fraud in law on him and the record is before this court for review with like effect as if the appeal had been taken by the borough.

The evidence shows that this accident to the plaintiff occurred on August 15, 1898, on a pavement abutting the lot owned by the appellant. The pavement was constructed in 1894, by setting three sills or stringers of yellow pine four by eight inches on edge, the length of the pavement, and covering them with hemlock plank two inches thick, of a width of eight to twelve inches, and length of eight feet, each plank being fastened with two or three sixty penny wire spikes in each stringer. The pavement was inspected and repaired by the owner in the spring of 1898 and he denied positively that he had ever been notified of any defect in the pavement or had been requested to make any repairs.

The plaintiff, in order to bring actual notice of the defective condition of the board walk home to the borough and to the property owner proved by a witness, D. S. Smith, that in a conversation between the witness and Samuel Clark, the street commissioner of the borough, for 1898, and who had died prior to the trial, Clark had told the witness that he (Clark) " knew of the bad condition of this walk and intended to notify the property owner to fix it." The evidence was admitted under appellant's exception, to be followed by proof that it was customary for the street commissioner of the borough to attend to this part of the borough's duty—repair of defective sidewalks. There was no other evidence to show that Clark was street commissioner for that year, nor was it questioned that he had died prior to the trial. The statement alleged to have been made by him, and given in evidence was, " I have given Mr. Seely notice and I am afraid the time is expired and the council will go for him for not having it repaired." On examination in chief he stated, " I rather think it was before the accident." While on cross-examination he states directly in answer to the question : " Q. You can't tell that? (the time when). A. It was after the accident." This was the only evidence in regard to direct notice to the borough or owner. The learned court in the charge to the jury said, " If, however, from the weight of the evidence you find the walk at that place to have been unsafe, or out of proper repair, you will pass to the next branch, and consider whether the borough authorities were negligent in permitting it to become unsafe or out of repair. In ascertaining this fact you will consider the evidence as to the declarations of the street commissioner, whose duty it appears by this evidence was to report to council upon the conditions of the walks : " (sixteenth assignment of error). The effect of this hearsay declaration of the street commissioner was augmented by the exclusion of evidence under plaintiff's objection, showing that the pavement of Seely was never reported to the councils by Clark, the street commissioner, or by any other person (twelfth assignment of error), and further, by excluding, under plaintiff's objection, evidence offered by the appellant to show a conversation with and declaration by Clark, the street commissioner, in the summer or fall of 1898, in relation to the favorable condition of the walk in question—the objection being, that it was

hearsay and was the declaration of an agent of the borough in its favor (thirteenth assignment of error). The manifest purpose of this evidence was to show direct notice to the borough of the alleged defect through the hearsay declaration of a deceased street commissioner, without any evidence that such knowledge, if it existed, had ever been communicated to the borough or owner. When such evidence, even if proper, was adduced by the plaintiff, the appellant had the right to controvert it by showing that the fact testified to did not exist, or to minimize its effect by showing that the knowledge so shown was not imparted to the proper parties. The duty of a borough and of an abutting property owner is well defined in numerous decisions of the Supreme and this court, and before liability attaches to either there must be shown by competent evidence some neglect of a duty. The borough is always entitled to notice, actual or implied, of the existence of the defect, and this is the settled rule, even as to defects in streets, where the duty of the borough is primary and mandatory: Burns v. Bradford City, 137 Pa. 361; Lohr v. Philipsburg Borough, 156 Pa. 246, s. c., 165 Pa. 109; Duncan v. Philadelphia, 173 Pa. 550.

The duty of the municipality is to keep its streets in safe condition at all times, but its liability to persons injured on account of the neglect or omission of this duty is always conditional upon, first, a positive misfeasance in doing acts which cause the street to be out of repair, in which case no other notice to the corporation of the condition of the street is essential to its liability, because the municipality has all the knowledge of the facts which a notice would give; or, second, the neglect of the corporation to put the streets in repair or remove obstructions therefrom, or remedy causes of danger occasioned by wrongful acts of third parties, in which cases notice of the condition of the streets, or what is equivalent to notice, is necessary: 2 Dillon on Mun. Corps. section 1020. This is the language of many decisions of our own courts. The plaintiff did not claim that the pavement was so manifestly out of repair, or that the defect had existed for so long a time that the borough would be presumed to have knowledge equivalent to notice, but relied solely upon the testimony of Smith's conversation with a street commissioner, (who had since died) to show that the borough had actual notice of the defect. The testimony

of this witness is not only contradictory in many particulars, but like all hearsay repetitions, " is very liable to be fallacious, and its value is, therefore, greatly lessened by the probability that the declaration was imperfectly heard, or was misunderstood, or not accurately remembered, or has been perverted." It is of no value in a court of justice, and should have been rejected. No verdict should hang on so slender a thread. Whether this property owner had been notified to repair a defective pavement, was a fact which could have been proved through the official channels. The offer to show that such a notice had never been given by council or its officers was rejected under the plaintiff's objection, although the policeman of the borough and a member of council testified to a personal examination and inspection of the pavement within a few days prior to the accident. There is no competent evidence in this record to bind the borough through notice, implied or express, of the alleged defect in this pavement.

The first, sixth, eighth, thirteenth and sixteenth assignments of error all relate to the question above discussed and are sustained. It is not necessary to consider the others.

The judgment is reversed so far as the rights and liability of James G. Seely are affected thereby.