## Kearney's Estate

*M. J. Murray, Jr.*, for petitioner; *C. J. Wing*, for respondent.

SANDO, P. J., November 20, 1931.—Kathryn Kearney Raucoukes, a sister of the minor, petitioned the court for an order on the Anthracite Trust Company, guardian, to pay the sum of $1085 for board, lodging, clothing, medical and dental attendance from August 18, 1925, to March 18, 1928, out of the estate of the minor.

The Anthracite Trust Company of Scranton was appointed guardian of the minor on January 23, 1918.

This application is made under the provisions of the Fiduciaries Act of June 7, 1917, P. L. 447, 531, Sec. 59 (i). It is the duty of the guardian to decide whether or not an allowance should be made: Korn's Estate, 11 Erie Co. L. J. 177. The application for an allowance should be made by the guardian, but others may make it: Leiby's Appeal 49 Pa. 182.

The orphans' court has exclusive jurisdiction of claims against a ward's estate: Johnstone v. Fritz, Guardian, 159 Pa. 378.

When an order for past maintenance is made, the application must be accompanied with a full schedule of the expenditures: Sharpe's Estate, 2 Phila. 280. It is not the practice to grant petitions for allowance, especially for past maintenance, without examination or inquiry as to their necessity and propriety.

When the petition makes the guardian respondent, he files an answer: Wall's Estate, 2 Dist. R. 580; and if an issue of fact is raised, the matter may be referred to an auditor: Leiby's Appeal, 49 Pa. 182.

In the instant case, no answer was filed. A demurrer was filed on behalf of the minor.

The demurrer is overruled, and the guardian is directed to file an answer within ten days from the date of this order, on which answer, if it raises an issue of fact, the matter of the application for allowance for the minor will be heard by this court.

From William A. Wilcox, Scranton, Pa.