**Garrison (Minors)**

*Robert W. Feeman, of Egli, Walter, Reilly & Wolfson,* for Commonwealth.

*R. Hart Beaver, of Beaver, Wolf & Harlan,* for guardian.

*Stephen R. Krone,* for late minor.

GATES, P. J., January 28, 1974.—On November 28, 1970, Thelma J. Garrison was killed in an automobile accident. Mrs. Garrison was survived by seven children, only four of whom, for reasons of this case, are involved in this proceeding.

Following the death of Thelma Garrison, a wrongful

death action was brought on behalf of her survivors. On March 27, 1972, we approved a compromise of the wrongful death action and appointed the Valley Trust Company of Palmyra as guardian for the four surviving minor children. On August 25, 1972, the sum of $2,458 was paid to the guardian for each of the four children, namely, Audrey Elizabeth Garrison, John Wayne Garrison, Robert Elin Garrison, and James Steven Garrison. None of the principal or accumulated interest has been distributed by the guardian and each child has an account balance of $2,516.10.

Audrey Elizabeth Garrison was born on July 28, 1952, and is now sui juris. Robert Elin Garrison is 17 years old and lives with Audrey and has done so since their mother's death. And James Steven Garrison is 16 years of age and he, too, lives with Audrey and attends public school.

During the period from December 10, 1970, until January 3, 1973, the Pennsylvania Department of Public Welfare has paid Audrey, James and Robert Garrison the sum of $5,769.90 as aid to dependent children. Presently before us is the Commonwealth's petition for a citation on the guardian for payment of expenses for support in which the Department of Welfare seeks reimbursement for the amount expended for these children. We issued a rule which was duly answered and the matter argued before us on June 5, 1973.

The first hurdle placed in this contest is the guardian's contention that the Commonwealth must first reduce the sum claimed to a judgment by an action in the court of common pleas, civil division, in assumpsit against the guardian. On the other hand, the Commonwealth contends that it may proceed to seek reimbursement by petition and rule without first having reduced its claim to judgment in an assumpsit action

in the civil division of the court of common pleas. We agree with the Commonwealth's contention.

We recognize that courts of co-equal jurisdiction have differed over the years about this matter. We also recognize that the fountainhead of legal knowledge in this Commonwealth has not as yet interpreted the applicable section of the Support Act of 1937, as amended. Nonetheless, we believe that a careful analysis of the statute and the jurisdictional law with regard to the orphans' court division leads us unerringly to the conclusion that the Commonwealth may proceed as they have done in this case.

Most, if not all, of the district court cases preceded the adoption of the Probate, Estates and Fiduciaries Code of 1972 and the rules unifying the various courts as they existed at the time.

The orphans' court division of the court of common pleas now has mandatory exercise of jurisdiction in the administration and distribution of the real and personal property of minors' estates: section 711(4) of the Probate, Estates and Fiduciaries Code, Act of June 30, 1972 (no. 164), 20 PS §711

However, the guardian cites the Public Assistance Law of June 24, 1937, P. L. 2045, as last amended on August 13, 1963, P. L. 682, sec. 1, 62 PS §1974, and insists that the language of section 1 makes it obligatory upon the Commonwealth to sue in assumpsit and secure a judgment in the court of common pleas in every case in order to enforce its claim. Consequently, the guardian argues that the orphans' court is ousted of jurisdiction to entertain suits in assumpsit.

From a time as early as the year 1832, the statutory law in this Commonwealth gave the orphans' court exclusive jurisdiction of the estates of minors, and we are of the opinion that the orphans' court division of the court of common pleas has exclusive jurisdiction

so far as maintenance claims against minors' estates are concerned. Our jurisdiction in this regard cannot be ousted by any interpretation of the expression "sue and secure a judgment" as first requiring an assumpsit action and a judgment rendered in the court of common pleas: Johnstone v. Fritz, 159 Pa. 378 (1893); Gellnek Estate, 75 D. & C. 219 (1951); In re Young-blood, 78 D. & C. 470 (1951); Jacobs Estate, 72 D. & C. 504 (1949); Akers Estate, 35 D. & C. 2d 476 (1964).

We believe the term "sue" includes a petition for a rule to show cause. We also are of the opinion that an orphans' court "decree" in matters involving matters within its jurisdiction is the legal counterpart of a "judgment" in the civil division of the court of common pleas.

The next hurdle placed by the guardian to the Commonwealth's claim is the contention that the property in the hands of the guardian was not in existence at the time the Commonwealth advanced money to the minors for their support and maintenance and, therefore, the Commonwealth has no right to be reimbursed at all.

The Public Assistance Law, however, specifically provides that the personal property of any person shall be liable for the expense of his support, "if such property was owned during the time such expenses were incurred, or if a right or cause of action existed during the time such expenses were incurred from which the ownership of such property resulted": 62 PS §1974.

The mother of these minor children died without a will, on November 28, 1970, as the result of the negligent act of a motorist. Being the only heirs at law of their deceased mother, at that instant they had a cause of action for the wrongful death of their mother and, as a result thereof, the ownership of the property resulted at a later time. This right accrued before any

money was advanced by the Commonwealth and, therefore, the Commonwealth is entitled to be reimbursed from these funds: Marchiafava Estate (No. 2), 36 D. & C. 2d 319 (1965).

The third hurdle in this matter has been placed there by us. We perceive it to be our duty to scrutinize carefully claims against minors' estates, and we must exercise reasonable efforts to preserve and conserve their funds for necessities and for their adult life. We are the supervisors of the guardian of children who are growing up under difficult and trying circumstances. While the Commonwealth may be allowed to recover for the maintenance of a minor out of his estate in the hands of his guardian, we should not deplete his estate unless it is necessary. However, the Public Welfare Law imposes the primary responsibility for the support and maintenance of minor children upon their parents. Here, the mother is dead and the Commonwealth cannot look to her for reimbursement. But the children have a living father from whom their mother was divorced and to whom, in our opinion, the Commonwealth should first look in its efforts at collection and satisfy us that it has done all that it can before we consider depleting the estates of these minors.

From the petition for the appointment of a guardian we learn that the natural father of these children is Hubert L. Garrison, a resident of the State of Maryland. Consequently, before we order the guardian to repay the Commonwealth the maintenance expenses of these minor children, the Commonwealth must satisfy us that they have made reasonable efforts in this direction and the efforts have proven fruitless. So we will retain jurisdiction of the petition, with leave to the Commonwealth to later petition us for a hearing with the purpose of satisfying us that the father is

unable to pay the Commonwealth's claim or, more happily, to notify us that the maintenance expenses are collected or collectible from the person primarily responsible for their support and maintenance.

### ORDER OF COURT

And now, to wit, January 28, 1974, the case is continued for reasons set forth in our above opinion.